[No. 2062.]

## W. D. Smith *v.* The State.

"Local Option Law" — Evidence.— It has been repeatedly held by this court that in order to authorize a conviction for a violation of the local option law, it must be alleged and proved that the election whereat prohibition under the provisions of the local option act was voted, was held in strict compliance with all the requirements of the law. One of the requirements of the law is that for twenty days before the day of election there shall be posted five notices of such election within the territory proposed to be affected by the adoption of prohibition. Proof that but three of such notices were posted within the said territory establishes the illegality of the election, and the nullity of all subsequent proceedings in such territory under the local option act, and hence will not authorize a prosecution under the provisions of that act.

Appeal from the County Court of Rusk. Tried below before the Hon. J. H. Turner, County Judge.

The appellant in this case was convicted for selling whisky in violation of the "local option law," and fined the sum of $35.

The opinion embraces that portion of the agreed statement of facts essential to the completeness of this report.

No brief for appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Hurt, Judge. This appeal is prosecuted from a judgment convicting the appellant of selling intoxicating liquors in justice's precinct No. 7 of Rusk county, after the qualified voters of said

precinct had determined that the sale and exchange of intoxicating liquors should be prohibited in said precinct, etc.

It is made to appear from the agreed statement of facts that, "after the court had ordered the election, and prior to the holding of the same, only three certified copies of the order of election were ever posted up in said precinct No. 7, and that these were the only notices of said election that were ever posted up in said precinct about said election, and before it was held."

Article 3230 of the Revised Statutes provides as follows: "The clerk shall post, or cause to be posted, at least five copies of said order, at different public places in each county, justice's precinct, town or city in which such election shall be held, for at least twenty days prior to the day of election. . . ."

The meaning of this provision is unmistakably that, whether the territory to be affected by the result of the election be an entire county, a justice's precinct, or a town or city, five copies of the order for the election shall be posted at different public places in such territory. That is to say, if the election be ordered for the entire county, then five copies of the order must be posted in such county; if the election be ordered for a justice's precinct, then five copies of the order must be posted in such precinct; and so in relation to an election ordered for a city or town.

It has been repeatedly held by this court that, in order to authorize a conviction for a violation of what is commonly known as the "local option law," it must be alleged and *proved* that the election was held in accordance with the requirements of the law. (*Prather* v. *The State*, 12 Texas Ct. App., 402; *Akin* v. *The State*, 14 Texas Ct. App., 142; *Donaldson* v. *The State*, 15 Texas Ct. App., 25; *Mc-Millan* v. *The State*, 18 Texas Ct. App., 375; *Ex parte Kramer*, present term, *ante*, p. 123.)

Because the evidence does not warrant the conviction had in this case, in that it appears that only three copies of the order for the election were posted in the precinct, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

[Opinion delivered November 25, 1885.]